981 So.2d 527 (2008)
LIFEMARK HOSPITALS OF FLORIDA, INC., a California corporation d/b/a Palmetto General Hospital, Petitioner,
v.
Jose HERRERA and America Herrera, Respondents.
No. 3D07-1206.
District Court of Appeal of Florida, Third District.
April 23, 2008.
Rehearing Denied June 5, 2008.
*528 Falk, Waas, Hernandez, Cortina, Solomon & Bonner, P.A., and Paul H. Field, Coral Gables, for petitioner.
Kurzban, Kurzban, Weinger & Tetzeli, P.A., and Jed Kurzban, Miami, for respondent.
Rossman, Baumberger, Reboso & Spier, P.A., and Lincoln J. Connolly, Miami, for Floridians for Patient Protection, Inc., as amicus curiae.
Before GREEN, SHEPHERD, and LAGOA, JJ.
PER CURIAM.
Lifemark Hospitals of Florida, Inc., petitions for a writ of certiorari to quash a discovery order finding that article X, section 25, Florida Constitution, known as Amendment 7, is self executing, authorizing the production of documents contemplated therein, and further finding that Amendment 7 may not be applied retroactively. Based on Florida Hospital Waterman, Inc. v. Buster, 33 Fla. L. Weekly S154, ___ So.2d ___, 2008 WL 596700 (Fla. Mar. 6, 2008), we grant in part and deny in part.
As the Florida Supreme Court clearly held in Buster, "we find that the amendment is self-executing. We also hold that the right of access granted pursuant to the amendment is retroactive and therefore applies to adverse medical incident records existing prior to its effective date of November 2, 2004." 33 Fla. L. Weekly at S159, ___ So.2d at ___. Hence, on remand, the trial court must conform its order to this pronouncement.
Certiorari granted in part, order quashed in part, cause remanded.